**Ardian MECAJ, Petitioner,**

v.

**Alberto R. GONZALES, Respondents.**

**No. 06–0156–AG.**

United States Court of Appeals, Second Circuit.

Aug. 17, 2006.

Peter E. Torres, New York, NY, for Petitioner.

Thomas P. Colantuono, United States Attorney, Aixa Maldonado–Quinones, Assistant United States Attorney, Concord, NH, for Respondent.

Present GUIDO CALABRESI, SONIA SOTOMAYOR and BARRINGTON D. PARKER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the 1 petition for review is DENIED.

Ardian Mecaj, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Annette El-stein's decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 156 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400, 403 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 128–129 (2d Cir.2004); cf. *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158, 161 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

The IJ found Mecaj not to be credible based on various inconsistencies in his testimony, as well as a discrepancy between his testimony and his written application. Mecaj's inconsistent testimony regarding his driving duties and arrests is significant when measured against the record as a whole. The driving testimony relates directly to his claim of persecution on account of his affiliation with the Democratic Party, as it involves his duties for the party and a means by which outsiders could identify him as a member. His contradictory testimony regarding his parents' departure from their home town is also significant, as it relates to the sequence of persecutory events involving him and his family. Mecaj's inconsistent testimony regarding how many times he was arrested is also an essential element of his claim of persecution, and thus the IJ was reasonable in rejecting Mecaj's explanations as inadequate and relying on these inconsistencies as a basis for his adverse credibility determination. *See, e.g., Qyteza v. Gonzales*, 437 F.3d 224, 227 (2d Cir. 2006); *Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003).

The IJ was reasonable in finding that Mecaj's failure to corroborate his claim with letters from his family was also detrimental to his credibility, as the lack of corroboration was viewed in conjunction with inconsistent testimony that had already undermined the credibility of his claim. *See Xiao Ji Chen v*, 434 F.3d at 164. She was also reasonable in determining that Mecaj's fear of future persecution was less reasonable due to his family's continued, safe residence in Albania. *See Matter of A–E–M–*, 21 I. & N. Dec. 1157, 1998 WL 99555 (BIA 1998).

Finally, the IJ was reasonable in finding implausible Mecaj's claim that he was able to procure a valid Albanian passport, present it to government officials, and depart the country without incident despite his fear of persecution by Albanian authorities. It does not require a stretch of the imagination to find it implausible that government officials allegedly interested in harming Mecaj on account of his opposition politics would issue him a passport and then allow him to leave the country without incident. *See Xiao Ji Chen*, 434 F.3d at 159 n. 12; *see also Ming Xia Chen v. BIA*, 435 F.3d 141, 146 (2d Cir.2006).

The IJ's adverse credibility determination is thus substantially supported by the

record as a whole. Because the only evidence of a threat to Mecaj's life or freedom depended upon his credibility, the adverse credibility determination with regard to his asylum claim necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). The IJ's denial of CAT relief was also appropriate, as Mecaj failed to present any credible evidence indicating that he had been or was likely to be tortured upon return to Albania.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED.